**GRUENEBERG LAW GROUP, LLC**
By: Rudi R. Grueneberg, Esquire
Executive Court
2 Eves Drive, Suite 208
Marlton, NJ 08053
(856) 267-5907
***Attorney for Chapter 7 Trustee, Andrew Sklar, Esquire***

UNITED STATES BANRKUTPCY COURT
DISTRICT OF NEW JERSEY (CAMDEN)

| | |
|---|---|
| In re:<br><br>HOVATTER FRIEDMAN SAPUTELLI & LEVI, LLP,<br><br>Debtor. | JUDGE: ANDREW B. ALTENBURG, JR.<br><br>Case No. 19-31473<br><br>Chapter 7 |
| CHAPTER 7 TRUSTEE, ANDREW SKLAR,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH FRIEDMAN AND RANDI FRIEDMAN,<br><br>Defendants. | Adversary Proceeding No. 20-_________(ABA)<br><br>**COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 502 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO U.S.C. § 550 AND AVOIDANCE OF SECURITY INTEREST PURSUANT TO 11 U.S.C. § 544** |

Plaintiff, Andrew Sklar, Chapter 7 Trustee in the above referenced Chapter 7 case (the "Trustee") of Hovatter Friedman Saputelli & Levi, LLP (the "Debtor" or "HFSL"), by and through his counsel, Rudi R. Grueneberg, Esquire, Grueneberg Law Group, LLC, as and for his Complaint to exercise the Trustee's rights and powers under 11 U.S.C. § 544(a) to avoid the unperfected or improperly perfected security interest and/or liens of creditors of Kenneth Friedman and Randi Friedman (the "Defendants"), turnover of all distributions made by the Debtor to the Defendants on account of the unperfected or improperly perfected security and/or liens, to avoid and recover transfers against the Defendants, and in support thereof alleges upon information and belief as follows:

## NATURE OF ACTION

1. This is an adversary proceeding pursuant to Fed. R. Bankr. P. § 7001 brought by the Trustee against Defendants to determine the validity, priority and extent of any lien against the accounts receivable or other assets of the Debtor, and further request a declaratory judgment; that the Defendant does not have any valid lien against the accounts receivable or any assets of the Debtor with the entry of an order directing turnover of all payments received by Defendants from the Receiver or any third party on account of alleged security interest.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of New Jersey in the subject matter has jurisdiction over this adversary action pursuant to 28 U.S.C. §1334, which action constitutes a core proceeding pursuant to 28 U.S.C. §§157, 1331 and 1334(b).

3. The statutory and legal predicates for the relief sought herein are Sections 544, 547 and 551 of the Bankruptcy Code and Rules 7001 and 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§1408 and 1409.

5. This adversary proceeding is a core proceeding which can be head and determined by the Court pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (F), and (K), and the Court may enter final orders for the matters contained herein.

## PARTIES

6. Plaintiff, Andrew Sklar was appointed the Chapter 7 Trustee for Hovatter Friedman Saputelli & Levi, LLP on November 15, 2019 and said appointment remains in effect.

7. Defendants Kenneth Friedman and Randi Friedman (the "Friedmans") are adult individual residents of the State of New Jersey, residing at 836 Matlack Drive, Moorestown, New Jersey 08057.

## BACKGROUND

8. The Debtor, Hovatter Friedman Saputelli & Levi, LLP, is a New Jersey Limited Liability Partnership law firm with an office address of 3221 NJ Route 38, #300, Mt. Laurel, New Jersey 08054.

The Debtor maintained various offices in South Jersey during its existence.

9. On November 14, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under Chapter 7 of the Bankruptcy Code.

10. Plaintiff was appointed the Chapter 7 Trustee for Hovatter Friedman Saputelli & Levi, LLP ("HFS&L") and said appointment remains in effect.

11. On or about February 7, 2018, the Friedmans filed a suit in the Chancery Court of Camden County (the "Chancery Court"), docket as C-13-18, *Kenneth and Randi Friedman v. Hovatter Friedman Saputelli & Levi LLP, Edward J. Hovatter, Kimberly Hovatter, March Stofman and Lisa Stofman*.

12. In the Chancery court action, the Friedmans sought judgment against the Debtor and the Guarantors for the unpaid balance and other amounts due under the Note.

13. The Chancery Action was contested and following a hearing, an Order entered by the Court on May 15, 2018, appointing Charles N. Persing, as Receiver for the Debtor. The Receiver was given the power to take control of the assets of the Debtor, including but not limited to the accounts receivable and collection of the accounts receivable. A true and correct copy of the Order is attached as **Exhibit "A"** hereto.

14. The Receiver is a partner with the accounting firm, Bederson, LLP, a New Jersey limited liability partnership with its principal place of business located at 347 Mt. Pleasant Avenue, West Orange, New Jersey 07052.

15. Prior to the Petition Date, on or about July 15, 2014, the Debtor, successor to Hovatter Friedman & Stofman ("HFS") executed a certain Promissory Note (the "Note") in favor of the Defendants as consideration for and to secure a loan (the "Loan") from the Defendants in the principal amount of $250,000.00, with interest on the unpaid principal balance at an interest rate of two (2%) percent per annum together with other amounts as set forth in the Note. The Note matured by its terms on August 15, 2019. A true and correct copy of the Note is attached as **Exhibit "B"** hereto.

16. As further security for the payment of the obligations to Defendants under the terms of the Note, the Debtor executed and delivered to the Defendants a certain Pledge and Security Agreement (the

"Security Agreement"), pursuant to which Debtor granted to the Defendants a security interest in all of its assets, including equipment, accounts, accounts receivables and general intangibles (the "Collateral"). A true and correct copy of the Security Agreement is attached as **Exhibit "C"** hereto.

17. Defendants did not file a UCC-1 Financing Statement until almost four (4) years after the execution of the loan document on May 4, 2018 after the filing of the Chancery Action. The UCC-1 Financing Statement identified the Debtor as Hovatter Friedman & Stofman. A true and correct copy of the UCC-1 Financing Statement filed with the State of New Jersey on May 4, 2018 is attached as **Exhibit "D"** hereto.

18. The Loan was further secured by limited guarantys executed by partners of the Debtor, Marc Stofman and Edward Hovatter together with their respective spouses (collectively, the "Guarantors").

19. Plaintiff has determined that the Debtor made transfers of an interest of Debtor's property to or for the benefit of Defendants during the Preference Period.

20. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendants or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the transfer(s); (ii) additional transfers; (iii) additional defendants, and/or (iv) additional causes of action (*e.g.,* but not exclusively, 11 U.S.C. §§ 542, 544, 545, 547, 548 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

21. Defendants filed a general unsecured claim in the amount of $259,360.00 in the Debtor's bankruptcy proceedings. A copy of the Proof of Claims is attached as **Exhibit "E"** hereto.

**COUNT ONE**

**(Avoidance of Defendants' Security Interest Pursuant to 11 U.S.C. § 544(a))**

22. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

23. In the course of the performance of the Receiver's fiduciary duties, including accounts receivable of the Debtor, Receiver distributed the sum of Forty Thousand Dollars and No Cents ($40,000.00) to Defendants on account of Defendants' claimed security interest in the assets of Debtor.

24. The Receiver negotiated and entered into a Settlement Agreement and General Release between the Defendants, Madison Ventures, LLC, DeFiore Enterprises *a/k/a* P. DiFiore Enterprises, Inc., Inch X Inch Construction and Dr. Paul D. DiFiore (collectively "Madison"), and the Debtor. The required payments to be made by Madison under the terms of the settlement were to be made to respective parties as follows:

(i) Madison to Defendants by virtue of an assignment of the settlement payments in the total amount of Eighty-Nine Thousand Dollars and No Cents ($89,000.00) in three (3) payments of One Thousand Five Hundred Seventy Five Dollars and No Cents ($1,575.00) and thirty-two (32) monthly installments of Two Thousand Five Hundred Seventy Five Dollars and No Cents ($2,575.00) with the 36th and final payment in the amount of One Thousand Eight Hundred Seventy Five Dollars and No Cents ($1,875.00); and

(ii) Madison was further required to pay the Receiver the sum of Three Thousand Dollars and No Cents ($3,000.00) in three (3) equal monthly installments of One Thousand Dollars and No Cents ($1,000.00), with the first payment occurring on January 1, 2019 and the last payment occurring on March 1, 2019.

25. Upon information and belief, the initial $40,000.00 payment was made to the Defendants with the Madison parties continuing to make the thirty-six (36) monthly payments with the first twelve (12) monthly payments totaling $30,900.00 (May 2019 to April 2020) made.

26. Additional payments on account of the alleged security interest of Defendants in the assets of the Debtor may have been made. The Plaintiff's investigation into the collection of the accounts receivable and disposition of any assets is continuing .

27. N.J.S.A. 12A:9-502(a) sets forth the requirement for the perfection of security interest. The section provides as follows:

> (1) except as otherwise provided in paragraph (3), if the debtor is a registered organization or the collateral is held in a trust that is a registered organization, only if the financing statement provides the name that is stated to be the registered organization's name on the public organic record most recently filed with or issued or enacted by the registered organization's jurisdiction of organization which purports to state, amend, or restate the registered organization's name.

28. A financing statement that fails to comply with 12A:9-503(a) is seriously misleading, unless the deviation from the registered name is only a minor error or omission. N.J.S.A. § 12A:9-506(a).

29. A search of the records of the filing office under the Debtor's correct name, *Hovatter Friedman Saputelli & Levi*, using the filing offices standard search, does not disclose the deficient financing statement filed by the Debtors.

30. The exception to 12A:9-506(b) set forth in subsection (c) is not applicable as a search of the records of the filing office under Debtor's correct name would disclose a financing statement that fails sufficient to provide the name of the Debtor in accordance with 12A:9-503(a). Entering the Debtor's legal name, *"Hovatter Friedman Saputelli & Levi"*, or its predecessor, *"Hovatter Friedman & Stofman"* does not disclose the Debtor's filed financing statement.

31. As a result, the unperfected or improperly perfected lien of Defendants is avoided under 11 U.S.C. § 544 of the Bankruptcy Code for the benefit of Debtor's estate and all payments by the Debtor to Defendants on account of the unperfected security interest must be returned to the Debtor's estate.

## COUNT TWO

### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. §§ 547(b) and 549)

32. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

33. The Receiver made and Defendants received avoidable transfers in excess of $70,000.00 consisting of the $40,000.00 payment and the payments made to date under the Madison Litigation. It is the understanding of the Plaintiff that Defendants have received the first twelve (12) monthly payments totaling the sum of $30,900.00 from the Madison parties in the Madison litigation.

34. The Avoidable Transfers were made to or for the benefit of the Defendants.

35. At the time of each Avoidable Transfer, the Defendants were insiders and creditors of the Debtor as defined by 11 U.S.C. §§ 101(30) and 101(45) of the Bankruptcy Code.

36. Defendants are insiders of the Debtor as defined by 11 U.S.C. §§ 101(30) and 101(45) of the Bankruptcy Code. Defendants' son was a partner in the Debtor and was not required to sign a limited guaranty as partners, Hovatter and Stofman were required to do so as a condition of the loan.

37. Each Avoidable Transfers were transfers of an interest of the Debtor in property.

38. Each Avoidable Transfers were made to the Defendants for or on account of antecedent debts owed by the Debtor.

39. Each Avoidable Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. §§ 547(b)(1) because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendants.

40. Each Avoidable Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendants before such Avoidable Transfers were made, as asserted by Defendants, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendants prior to being paid by the Debtor.

41. Each Avoidable Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Avoidable Transfer made during the Preference Period pursuant 11 U.S.C. §§ 547(f).

42. Each Avoidable Transfer was made during the Preference Period.

43. As a result of each Avoidable Transfer, Defendants received more than Defendants would have received if: (i) the Debtor's case was under Chapter 7 of the Bankruptcy Code; (ii) the Avoidable Transfer had not been made; and (iii) Defendants received payments of its debts under the provisions of the Bankruptcy Code. As evidence by the Debtor's schedules and the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

44. Defendants were either the initial transferee of the Avoidable Transfers, the entity for whose benefit said transfer was made, or was the immediate or mediate transferee of the initial transferee receiving saidtransfer.

45. Defendants did not extend any value in consideration of the Avoidable Transfers, other than satisfaction of or securing of a debt that arose before the commencement of the BankruptcyCase.

46. By reason of the foregoing, to the extent that any of the Avoidable Transfers were made within the Preference Period, such Avoidable Transfers should be avoided and set aside as a preferential transfers pursuant to 11U.S.C. §547(b).

47. By reason of the foregoing, to the extent that any of the Avoidable Transfers were made after the Petition Date, such Avoidable Transfers should be avoided and set aside as post-petition transfers avoidable pursuant to 11U.S.C. §§ 547(b) and549.

**COUNT THREE**

**(Avoidance of Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))**

48. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

49. Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Avoidable Transfers were not on account of an antecedent debt or were a prepayment for goods and/or services subsequently received, the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

(i) The Debtor was insolvent on the date that the Avoidable Transfer(s) were made or became insolvent as a result of the Avoidable Transfer(s); or

(ii) The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor who made or for whose benefit the Avoidable Transfer(s) were made was an unreasonably small capital; or

(iii) The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

50. In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11U.S.C. §548(a)(1)(B).

**COUNT FOUR**

**(Action for Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)**

51. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

52. Defendants have received payments, acquired possession and control over property of the Debtor, including accounts receivable, during the Preference Period and thereafter.

53. Any such property constitutes property of the bankruptcy estate.

54. Pursuant to 11 U.S.C. §542, Defendants are required to return all funds received from the Receiver and deliver all property of the estate to the Plaintiff and account for such property or the value thereof.

55. By reason of the foregoing, the Plaintiff has a superior interest in all such property and is entitled to turnover or all such property, as well as an accounting of such property and the value thereof, pursuant to 11 U.S.C. §542.

**COUNT FIVE**

**(Action to Recover Avoidable Transfers Pursuant to 11 U.S.C. § 550)**

56. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

57. The Plaintiff is entitled to avoid the UCC Transfer, the Preferential Transfers, the Post-Petition Transfers and all Avoidable Transfers pursuant to 11 U.S.C. §§544, 547(b) & 549.

58. Defendants were the initial transferee of all Avoidable Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit all Avoidable Transfers were made.

59. Pursuant to 11 U.S.C. §550, the Plaintiff is entitled to recover from Defendants, for the benefit of the estate, the property transferred or the value of such property.

60. By reason of the foregoing, the Plaintiff is entitled to recover from Defendants an amount to be determined by the Bankruptcy Court upon trial of this proceeding, plus interest thereon, to the date of payment, together with the costs and disbursements of this action pursuant to 11 U.S.C. §550.

## COUNT SIX

### (Action to Disallow Claims Pursuant to 11 U.S.C. §§ 502(d) and (j))

61. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

62. Defendants are an entity from which property is recoverable under 11 U.S.C. § 550.

63. Defendants are the initial transferee of all Avoidable Transfers, the immediate or mediate transferee of such initial transferee or the person for whose benefit all Avoidable Transfers were made.

64. Defendants have not paid the amount of all Avoidable Transfers or turned over such property for which Defendants are liable under 11 U.S.C. §550.

65. Pursuant to 11 U.S.C. §502(d), any and all claims of Defendants or its assignee against the Debtor's estate or the Plaintiff, must be disallowed until such time as Defendants pay to the Plaintiff all amounts sought and for which Defendants are liable in paragraph 62 above.

66. Pursuant to 11 U.S.C. §502(j), any and all previously allowed claims of Defendants or its assignee against the Debtor's estate or Plaintiff must be reconsidered and disallowed until such time as Defendants pay to the Plaintiff all amounts sought and for which Friedmans are liable in paragraph 62 above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendants:

As to Counts One through Six, that the Court enter a judgment against Defendants:

A. That all Avoidable Transfer(s) avoidable under 11 U.S.C. §§547 and 548 be avoided;

B. Pursuant to 11 U.S.C. §542, directing the Defendants to turn over to Plaintiff all property of the bankruptcy estate within its possession and/or control and account for such property and/or the value of same together with an accounting of all sums and property received from the Debtor;

C. Avoiding Defendants' unperfected or improperly perfected liens pursuant to 11 U.S.C. §544;

D. Preserving for the benefit of the debtor's estate, all Avoidable Transfers or the value thereof pursuant to 11 U.S.C. §551;

E. That judgment be entered against Defendants in the amount of the Avoidable Transfers;

F. Disallowing, in accordance with 11 U.S.C. §502(d), any Claims held by Defendants and/or its assignee until Defendants satisfy the judgment;

G. Disallowing , in accordance with 11 U.S.C. §502(j), any Claims held by Defendants and/or its assignee until Defendants satisfy the judgment;

H. Awarding pre-judgment interest at the maximum legal rate running from the date of the filing of the Complaint to the date of judgment herein;

I. Awarding post-judgment interest at the maximum legal rate running from the date of the judgment herein until the date the judgment is paid in full, plus costs;

J. Requiring Defendants to pay forthwith the judgment amount awarded in favor of Plaintiff; and

K. Granting Plaintiff such other and further relief as the Court deems just and proper.

Grueneberg Law Group, LLC

By:*/ s / Rudi R. Grueneberg*

Rudi R. Grueneberg

*Attorneys for Plaintiff Andrew Sklar, Chapter 7 Trustee*

Dated: April 24, 2020